**Moses WOLF, Plaintiff,**

v.

**POLAROID CORPORATION, Defendant.**

**Civ. A. No. 81–795–MC.**

United States District Court,
D. Massachusetts.

Feb. 19, 1982.

---

Jules Brody, Stull, Stull & Brody, New York City, Leon Birnbaum, Boston, Mass. for plaintiff.

Francis H. Fox, A. Van C. Lanckton, Bingham, Dana & Gould, Boston, Mass., James E. Tolan, Olwine, Connelly, Chase, O'Donnell & Weyher, New York City, for defendant.

## MEMORANDUM AND ORDER

McNAUGHT, District Judge.

This action came on to be heard on defendant's motion to dismiss pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendant argued that the circumstances allegedly constituting fraud were not stated with particularity, and that the complaint failed to state a claim upon which relief could be granted.

The plaintiff seeks damages for fraud, by reason of allegedly false or misleading statements in and omissions from a press release which was issued by the defendant on February 22, 1979, and relied upon by the plaintiff and others who made purchases of stock between February 23, 1979 and May 16, 1979. Plaintiff asserts that liability is created by Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b–5 promulgated pursuant to that section.

The plaintiff claims that Polaroid misled the public by discussing in the release, only problems with "Polavision" while failing to disclose the full extent of that particular problem and failing to disclose anything concerning other material problems of which it knew, regarding its entire operation. Paragraph 25 of the complaint is set forth in the footnote below.[1]

---

**1.** 25. At the time the press release of February 23, 1979 appeared in the public press, Polaroid's management knew of material adverse events in connection with the business of Polaroid which it omitted to disclose. More specifically, the management of Polaroid knew:

(a) that Polaroid was commencing to experience and would likely continue to experience a material slowdown in sales growth and in demand for its products in the domestic markets;

(b) that the demand and consumption for Polaroid's film in the United States had fallen off and was likely to continue to decline;

(c) that Polaroid's rate of earnings growth was levelling off or could be expected to level off and/or decline in 1979;

(d) that shipments of products in 1978 were manipulated, rescheduled and accelerated in order to maintain the appearance of historic growth rates, meet internally generated sales

The defendant argued that the complaint (1) fails to identify any misleading "report" by the defendant (which omission, of course, could be cured very simply by an amendment), (2) fails to challenge the accuracy of any specific financial statement of the defendant, (3) does not identify any facts upon which the allegations are based, (4) asserts only that the defendant failed to disclose internal *projections* of financial performance or events of the corporation, (5) is based upon the "novel theory" that a company's failure to disclose its own internal projections amounts to fraud, and (6) does not allege facts showing scienter.

The first ground set forth by defendant for dismissal may be dealt with summarily. As was said by Chief Judge Brown in *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 178 at n. 18 (5th Cir. 1968): "F.R.Civ.P. 9(b), requiring that 'all averments of fraud * * * shall be stated with particularity', is no stumbling block. Defendants stated: The air units would heat. They did not heat. How much more specific can one get?"

A complaint alleging fraud in a purported class action such as this should state the fraud with particularity. On the other hand, testing this complaint against that standard shows that this complaint is adequate from the standpoint of specificity. Assuming an amendment which would pinpoint the press release of February 22 as the alleged source of deception, paragraph 25 of the complaint then spells out the claimed misstatements.

Of more concern to the court is the question whether the plaintiff has stated a cause of action on which relief may be granted. The plaintiff says, in part, that Polaroid knew: (a) that Polaroid was "commencing to experience" a slowdown in sales growth and in demand; (b) that the demand and consumption of its film had fallen off; (c) that its rate of earnings growth was levelling off; (d) that shipments of products in 1978 were manipulated, rescheduled and accelerated; (e) that defendant had "commenced to experience a greater cash drain than management had expected"; (g) that defendant's motion picture equipment had been unprofitable during the year ending December 31, 1978; and (h) that Polaroid was experiencing excessive inventories and lagging sales. All of these allegations which have just been recited pertain to facts rather than to projections. Neither of the parties here disputes the proposition that an issuer has a duty to inform the public as to material adversities which have beset its business. Defendant reads this paragraph as asserting only that Polaroid failed to disclose internal projections or forecasts as to future financial performance. This reading is improper because it is incomplete. The plaintiff does indeed also assert as bases of liability alleged failure on the part of Polaroid to disclose internal projections. Rereading paragraph 25 shows that plaintiff complains that Polaroid, with knowledge, failed to disclose that it "would likely continue to experience" a slowdown in growth; that demand for its film was "likely to continue to decline"; that its rate of earnings could be

and income projections for that year, and make up the "shortfall" in projected and budgeted earnings caused by the adverse effect on sales and earnings in 1978 of the Polavision system;

(e) that Polaroid had commenced to experience a greater cash drain than management had expected, resulting in a greater expected need for Polaroid to enter the credit markets for financing, including the likely need to issue, for the first time in 1979, its own commercial paper;

(f) that Polaroid's income from other sources, particularly interest income, would materially decline in 1979 and that interest expense would likely increase materially;

(g) that Polaroid's instant motion picture equipment, Polavision, had been unprofitable during Polaroid's fiscal year ended December 31, 1978; that not only would its expenses relative to Polavision continue to make significant demands on Polaroid's cash and earnings through at least 1979 but that these demands would accelerate and that a write-down or write-off of Polavision inventory would have to occur; and

(h) that Polaroid was experiencing excessive inventories and lagging sales of its SX–70 film for its OneStep, Pronto and SX–70 cameras, Polaroid's most successful recent growth products and major contributors to Polaroid's earnings.

expected to level off and/or decline in 1979; that "demands would accelerate" and a write-down or write-off would have to occur. Indeed, plaintiff, in paragraph 26 of the complaint, asserts that "Polaroid was under a duty to timely disclose any reasonable likely decline in the rate of such growth".

Was there adequate timely disclosure to the financial community and the investing public? The complaint, in my opinion, charges both nondisclosure of facts, and nondisclosure of projections. The press release is claimed to have been false and misleading by reason of omissions rather than affirmative statements. Does this make the complaint dismissible?

Defendant places great reliance upon *Denny v. Barber*, 576 F.2d 465 (2d Cir. 1978) and the proposition contained therein that fraud cannot be alleged by hindsight alone. Defendant's reliance on that case for that proposition is insufficient reason for the allowance of this motion. Since facts as well as projections are involved, the allegations do not, at least totally, constitute hindsight.

Neither will I dismiss the complaint here because "no factual basis" is given for the allegation that the defendant knew or should have known matters which it failed to disclose in the press release. A permissive inference of knowledge might be made in the premises.

*Denny v. Barber, supra,* warns that failure to exercise great clairvoyance, failure to make perceptions with respect to the future, does not constitute fraud. In that case, however, there was also a failure to allege with required particularity transactions about which the defendants, in fact, had such perceptions or were reckless in not having them. 576 F.2d at 470. In this case the specific areas have been identified in the complaint: sales growth, demand for products in domestic markets, the rate of earnings growth, the manipulation, rescheduling and accelerating of shipments of products, the cash drain, and the decline in income from other sources. In this respect, *Denny v. Barber* provides support for the conclusion that this complaint should not be dismissed.

*Ross v. A. H. Robins Co.,* 607 F.2d 545 (2d Cir. 1979) lends strength to the proposition advanced by plaintiff that an issuer with reasonable knowledge has a duty under Section 10(b) to make disclosure to the public as to material adversities which have beset and probably will beset its future. As a trial judge, I should hesitate at this stage of the proceedings to dismiss what may be a meritorious cause of action. Greater guidance with respect to the validity of plaintiff's contentions might be desirable. Perhaps such guidance may be forthcoming as the case progresses.

For the moment, suffice it to say that if a doubt exists with respect to the statement of a claim upon which relief might be granted, I am resolving that doubt in favor of the plaintiff. The motion to dismiss is denied.